UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE
NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, AND THE
CARPENTER CONTRACTOR ALLIANCE
OF METROPOLITAN NEW YORK.

                Petitioners,

v.

P 786, INC. A/K/A P786, INC.,

                Respondent.

25-CV-3460 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds" or "Petitioners") commenced this action under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, against Respondent P 786, Inc., also known as P786, Inc., to confirm an arbitration award issued pursuant to a collective bargaining agreement (the "CBA"). Under the CBA and the corresponding collection policy (the "Collection Policy"), Respondent was obligated to pay contributions to the Funds for every hour worked by its employees within the territory of the CBA. A dispute arose between the parties when an audit performed by Petitioners revealed that Respondent had failed to pay the agreed-upon contributions to the Funds. Petitioners then initiated arbitration pursuant to the parties' agreements and the Collection Policy, Respondent

failed to appear, and the arbitrator issued an award in the sum of $117,670.16, which consists of the principal audit deficiency of $71,319.45 plus interest, liquidated damages, promotional fund contributions, attorney's fees, and other fees and costs (the "Award").  Now before the Court is Petitioners' petition to confirm the Award and for attorneys' fees and costs associated with this action, which Respondent has not opposed.  For the following reasons, the motion is granted.

**DISCUSSION**

**I.      Confirmation of the Arbitration Award**

"[A]rbitration awards are not self-enforcing;" instead, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).[1]  Under the Federal Arbitration Act, any party to an arbitration proceeding may apply for a judicial order confirming the arbitration award, which a court must grant unless the award is vacated, modified, or corrected.  9 U.S.C. § 9.  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

"[A] district court should treat an unanswered . . . petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *Id.*  Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Thus, even "where the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

---

[1] Unless otherwise indicated, quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

Summary judgment is appropriate here because Petitioners have demonstrated that there is no material issue of fact in dispute. The Award was issued by Steven Kasarda, an impartial arbitrator, following a hearing held on November 12, 2024. *See* Pet., Ex. K, Dkt. No. 1. After Respondent failed to appear at the hearing, the arbitrator proceeded to hear evidence on the merits of the dispute. The testimony of the auditor who performed the audit set forth "the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency," and "[t]he Summary Report of the audit conducted was also received in evidence." The auditor further testified that a copy of the Summary Report of this audit had been forwarded to Respondent, but Respondent failed to issue payment following Petitioners' demand. *Id.* The arbitrator accordingly found that Respondent was "delinquent" in "monies due under its written agreement" and issued the Award against Respondent totaling $117,670.16. *Id.* at 3.

The CBA and Collection Policy further support Petitioners' contention that arbitration was appropriate and that the arbitrator acted within the scope of his authority. *See* Pet., Exs. C, H; *see also Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 74-75 (2d Cir. 1997) ("The scope of authority of arbitrators generally depends on the intention of the parties to an arbitration, and is determined by the agreement . . . . Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority."). The Collection Policy—which was issued by the Funds in accordance with the CBA—provides that "legal action to collect delinquencies shall generally be in the form of arbitration," and it designates a panel of five arbitrators, including Mr. Kasarda. *See* Pet.; Ex. H, § 6. In light of Respondent's failure to oppose the instant motion—despite being aware of this motion and their ability to oppose it, *see* Pet. Ltr., Dkt. No. 10—the Court has no reason to question the accuracy of the Award. Therefore, the Award is confirmed.

3

**II. Attorney's Fees and Costs**

Petitioners also request attorneys' fees and costs associated with this action.  While Section 301 of the LMRA does not provide for attorneys' fees in actions to confirm arbitration awards, *see* 29 U.S.C. § 185, in the absence of statutory authority, "courts properly grant attorney's fees if there is some 'independent basis' for the award," such as "an enforceable contract."  *Tomato Mgmt., Corp. v. CM Produce LLC*, 2014 WL 2893368, at *1 (S.D.N.Y. June 26, 2015) (quoting *E. Aramata, Inc. v. Platinum Funding Corp.*, 887 F. Supp. 590, 594 (S.D.N.Y. 1995)); *see also Int'l Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows:  when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may be properly awarded.").  Here, the CBA and Collection Policy provide for attorney's fees in the event the Funds take legal action to recover delinquent contributions.  *See* Pet., Ex. C, Art. XV, § 6(4); Ex. H, § 4(11).  In addition, despite being served with a demand letter for compliance with the Award, Respondent has yet to comply and has not provided a justification for its failure to do so.  *See* Pet., Ex. L.  An award of attorneys' fees is therefore proper in this action.

Petitioners seek $3,491 in attorneys' fees, corresponding to 10.9 hours of work.  Pet. ¶ 36. Counsel from the firm of Virginia & Ambinder has submitted contemporaneous time records that reflect the tasks performed and time spent in bringing this petition.  *See* Pet. ¶¶ 31–35; Ex. M. According to the time records, the firm billed the time of Maura Moosnick, a partner who graduated from law school in 2021, at a rate of $430 per hour.  The firm also billed the time for Allison Herstic, an associate who graduated from law school in 2024 and previously worked as a law clerk, at a rate of $310 per hour for work performed prior to January 1, 2025, and at a rate of $325 per hour for work performed after January 1, 2025.  In addition, the firm billed time for Abigail Frankel, a paralegal, at a rate of $155 per hour for work performed prior to January 1,

4

2025, and at a rate of $163 per hour for work performed after January 1, 2025.  Pet. ¶¶ 31-35; Ex. M.

Generally, courts determine the initial amount of an attorneys' fees award "by multiplying a reasonable hourly rate by the reasonable hours expended."  *E.g., Lilly v. City of New York*, 934 F.3d 222, 229 (2d Cir. 2019).  District courts have "considerable discretion" to determine a reasonable hourly rate, considering the prevailing rates within the district in which the court sits. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008); *see Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (explaining that the reasonable hourly fee determination should be guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").  "In determining whether an hourly rate is reasonable, courts must take into account the nature of the representation and type of work involved."  *Trustees of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Northcoast Maint. Corp.*, 2018 WL 2471201, at *4 (E.D.N.Y. May 4, 2018), *R. & R. adopted*, 2018 WL 2465351 (E.D.N.Y. June 1, 2018).

With respect to Ms. Moosnick's proposed rate, the Court finds $430 per hour to be reasonable given that her "primary practice area is the representation of multiemployer benefit funds" and that she "regularly handle[s] arbitrations and petitions to confirm arbitration awards on behalf of these funds."  Pet. ¶ 32.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Minelli Constr. Co.*, 2025 WL 1360452, at *7 (S.D.N.Y. May 7, 2025) (approving Ms. Moosnick's rate at $430 per hour in similar case), *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Prime Installations Inc.*, 2026 WL 979229, at *9 (S.D.N.Y. Mar. 20, 2026) (same), *report and recommendation adopted*, 2026 WL 976545 (S.D.N.Y. Apr. 10, 2026).  Similarly, the Court finds that the requested rates of $155 per hour and $163 per hour billed for Ms. Frankel's work to be

5

reasonable. *See Minelli Constr. Co.*, at*7 (approving Ms. Frankel's rates at $155 and $163 per hour in a similar case).

The Court, however, does not approve of the $310 and $325 per hour rates billed for Ms. Herstic's work. Ms. Herstic only graduated from law school in 2024. Pet. ¶ 33. In the last few years, courts have found that the "typical[]" billing rate for associates in similar cases "involving unopposed petitions to confirm an arbitration award" was "$225 to $250." *Finkel v. J&H Elec. Contracting, Inc.*, 2023 WL 4763366, at *3 (E.D.N.Y. July 26, 2023). Given Ms. Herstic's "relative lack of experience", the Court finds no basis to approve a higher rate for her work. *See Minelli Constr. Co.*, 2025 WL 1360452, at *7 (reducing Ms. Herstic's rate to $250 per hour in 2025 in similar case). Therefore, the Court will approve a rate of $250 per hour for Ms. Herstic's work.

Turning to the number of hours billed, the Court has examined the submitted invoice and finds that the hours expended were reasonable. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeymen Retraining, Educ. & Indus. Fund v. Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018) (explaining that an invoice "reflects sound billing practices" when it is "thorough, detailed, relevant, and easy to understand, with no evident duplication of effort"). The Court thus grants attorneys' fees in the amount of $2,787.5, as well as the requested $131.8 in court fees and service fees associated with the filing of this petition, Pet. ¶ 40, "which are standard costs paid in actions brought in this Court." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *5 (S.D.N.Y. Nov. 28, 2016) (approving $70 in service fees and $400 in court filing fees in similar case).

**III. Post-Judgment Interest**

Lastly, Petitioners seek post-judgment interest. Pet. at 9. Post-judgment interest is mandatory for civil money judgments recovered in federal district court pursuant to 28 U.S.C.

§1961(a).  *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004).  The Court thus grants Petitioner's request, and post-judgment interest "shall be calculated from the date of the entry of the judgment."  28 U.S.C. § 1961(a).

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award of $117,670.16 is granted.  The Clerk of Court is respectfully directed to enter judgment in the amount of $117,670.16 plus (1) $2,787.5 in attorneys' fees and $131.8 in costs; (2) pre-judgment interest from December 6, 2024 through the date of judgment in this action at the rate of 10.50%; and (3) post-judgment interest at the statutory rate.  The Clerk of Court is further respectfully directed to close this case.

SO ORDERED.

Dated:      April 22, 2026
           New York, New York

_____
Ronnie Abrams
United States District Judge